JOHN A. TOLISHUS, Respondent, v. THE RUDOLPH WURLITZER COMPANY, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that there is a failure of proof in this case that the plaintiff became " the successor in interest of the Lyceum Amusement Co., Inc.," and, therefore, the plaintiff cannot maintain this action for damages, even if there was a failure upon the part of the defendant to give the notice required by the statute,* justifying a retaking of the piano and a sale thereof. All concurred.

GEORGE A. NOURSE, as Administrator, etc., Appellant, v. PENNSYLVANIA RAILROAD COMPANY, Respondent.— Judgment and order affirmed, with costs. All concurred.

LOUIS J. KOLB, Respondent, v. HEGEL BREAD COMPANY, INC., Appellant. — Judgment reversed and new trial granted, with costs to appellant to abide event. Held, that it was error for the trial court to rule as matter of law that there was an accord and satisfaction of plaintiff's counterclaim. There was no accord and satisfaction unless defendant so understood and intended, or led plaintiff to act upon the belief that such was its intention. These were questions of fact which we think should have been submitted to the jury. All concurred.

HIRAM C. HARRISON, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to the plaintiff to withdraw the demurrer within twenty days upon payment of the costs of the motion and of this appeal. Held, that the new matter pleaded in the answer presented upon its face a defense to the action. All concurred, except Hubbs, J., who dissented.

CONRAD SNYDER, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

GARFIELD REAL ESTATE COMPANY, INC., Respondent, v. DAVID C. COLBERT, Appellant.— Judgment reversed, with costs, and complaint dismissed, with costs. Held, that inasmuch as plaintiff's assignor might have procured a severance of this assessment† at a time antedating the payment, the payment of the entire tax was not essential to the protection of the property of plaintiff's assignor and, hence, that payment was voluntary and not compulsory. All concurred.

JEROME ROSENBERG, an Infant, by MATHEW A. ROSENBERG, His Guardian ad Litem, Respondent, v. ALBERT C. DYVER and Another, Appellants.— Judgment affirmed, with costs. All concurred.

EARL W. MILLER, as Trustee in Bankruptcy of NICOLA DESIDERIO and Another, Copartners, etc., Bankrupts, Appellant, v. TRADERS NATIONAL BANK OF ROCHESTER, N. Y., Respondent.— Judgment affirmed, with costs. All concurred.

JOHN KULITZKY, Respondent, v. J. G. HAYES COMPANY, INC., Appellant. — Judgment and order affirmed, with costs. All concurred.

* See Pers. Prop. Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), § 65 et seq.— [REP.

† See Laws of 1907, chap. 755, § 199.— [REP.